P. gave to G. a writing, as follows: "This is to certify, that I have bargained & sold the one equal half of lot no. 30. in the great location of the *Sable*, for 14 shillings per acre, to *Rufus Green*; the interest to commence from the 1st *July*, 1792:" It was held, that this was a mere agreement for a conveyance, & did not amount to a conveyance, or a lease.

Jackson, *ex dem.* Green, *against* Clark.

THIS was an action of *ejectment.* The cause was tried before Mr. Justice *Thompson*, at the *Clinton* circuit, in *June*, 1808.

At the trial, the plaintiff produced in evidence, a writing as follows:

" This is to certify, that I have bargained and sold, the one equal half of lot no. 20. in the great location of the *Sable*, for 14 shillings per acre, to *Rufus Green*, the interest to commence from the 1st *July*, 1792.

" *Nathaniel Platt.*"

It was admitted, that previous to the year 1792, *Platt* was seised in fee of the premises in question ; that he was in possession, at the time he gave the above writing ; and that in the year 1801, he conveyed the premises to one *Lovely*, by deed, who took possession at the same time, and, afterwards, conveyed the land to the defendant. The defendant took possession under the last mentioned deed, and has held the premises to this time.

The defendant proved, that nothing had ever been paid by *Green*, for the land, either at the time of the bargain mentioned in the certificate, or at any subsequent period.

It was proved, on the part of the plaintiff, that *Green* was to have his own time to pay for the land, having rendered services to *Platt*, who, for that reason, gave him the indulgence, as to payment.

*Platt* was offered as a witness to prove that *Green* gave up the contract, but he was objected to by the plaintiff, and rejected by the judge.

A verdict was taken, by consent, subject to the opinion of the court, on a case.

*Skinner*, for the plaintiff.

*Foot*, contra.

THOMPSON, J. I had no doubt, at the trial, that the paper produced by the plaintiff, was a mere memorandum

of a conveyance, and should have ordered a nonsuit, had not the plaintiff's counsel urged that the cause might go to the jury, and the question be reserved, as to the operation of the writing given in evidence.

*Per Curiam.* This is a mere agreement, that *Green*, on paying 14 shillings per acre, with interest, from the 1st *July*, 1792, should have a conveyance of the land. It is not a conveyance ; nor a lease. No consideration is expressed, or paid ; no rent reserved, nor are there any words importing a lease. It is a memorandum of an executory agreement to sell the land, and nothing more. There must be, according to the case, a judgment of nonsuit.