# Case No. 10,135.

## NEVETT v. BERRY.

### [5 Cranch, C. C. 291.] [1]

District Court, District of Columbia. March Term, 1837.

TROVER FOR THE CONVERSION OF SLAVES — DAMAGES—EVIDENCE—NEW CONTRACT.

1. In an action of trover for negroes, the plaintiff may give evidence of, and recover, damages beyond the value of the property converted.

2. If the vendor states, under his seal, that he has bargained, sold, and delivered the property to the vendee, the vendor in an action of trover by the vendee for the property, is estopped to deny the delivery; and such an instrument is evidence of property in the vendee at the time of the conversion.

[Cited in Kaiger v. Brandenburg, 4 Ind. App. 500, 31 N. E. 212; Harvey v. Harvey, 13 R. I. 600.]

3. If, after the conversion, the parties enter into a new contract respecting a part of the property, which is thereupon delivered to the vendee, such new contract and delivery are not evidence of the performance of the first contract on the part of the vendor; nor of relinquishment of damages for such conversion; unless the vendee received such portion of the property as a compliance with the original contract, and intended by so receiving it to relinquish his claim for damages for the previous conversion.

Trover for forty-nine slaves, sold by the defendant to the plaintiff, by the following bill of sale: "For and in consideration of one dollar to me in hand paid, the receipt of which I hereby acknowledge, and the further sum of eighteen thousand seven hundred and seventy-four dollars to be to me well and truly paid on or before the first day of November next, I have bargained, sold, and delivered to John B. Nevett of Mississippi, (planter,) the following negro slaves, to wit, Jo, Winson, Shedrack," (&c. &c., naming forty-nine slaves,) "and all their children under three years and six months of age, they being, in

part, all the negroes now residing on my estate, formerly owned by the late Rinaldo Johnson; which said negroes I warrant sound in body and mind, and slaves for life, with the exception of Rachel, whom I only warrant a slave for ten years from this date. I further agree to deduct out of the moneys to be paid me on the first of November as above, the price of any of said negro or negroes which may die before that time. In witness, I have put my hand and seal this twenty-fourth day of June, in the year of our Lord 1835. Washington Berry. (Seal.)"

On the trial, R. S. Coxe, for plaintiff, offered to give evidence of damage incurred by the plaintiff upon the faith of the sale such as the charter of a vessel to carry the negroes to the South, demurrage, &c.

Mr. Brent, for defendant, objected that such damages cannot be given in evidence in trover.

THE COURT, however (THRUSTON, Circuit Judge, contra), permitted the evidence to be given.

Mr. Brent then objected that the contract was executory, and did not pass the title; and that the negroes had never been delivered to the plaintiff, and that it appears by the contract that they were not to be delivered until November; so that neither the title nor the right of possession was ever in the plaintiff. Jackson v. Clark, 3 Johns. 424.

Mr. Coxe, contra. The defendant, by the bill of sale, under his seal, has solemnly acknowledged that he had "bargained, sold and delivered," the negroes, and he cannot now deny it. The money was to be paid on the first of November, but the sale and delivery were complete on the 24th of June.

THE COURT (nem. con.) was of opinion that the defendant could not deny the delivery, having solemnly acknowledged it by his deed; that the payment was a matter of mutual, but not dependent, covenant; that the sale was complete, and the property and possession vested in the plaintiff.

Mr. Brent, for the defendant, prayed the court to instruct the jury that, if they believe from the evidence, that the defendant contracted to sell and did sell to the plaintiff sundry negroes, and afterwards refused to comply with his said contract, and that while the negroes were yet in the possession of the defendant, he applied to the plaintiff to withdraw from the said sale several of the said negroes, at the prices to be paid for the same by the terms of the original contract, that the plaintiff did agree to the said proposition, and that the defendant did deliver to the plaintiff, and the plaintiff did accept the residue of the said negroes, and pay for the same according to the terms of the said original contract, that the said original contract has been performed so far as the plaintiff has not agreed to rescind the same, and the plaintiff is not entitled to recover in this action.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

But THE COURT (nem. con.) refused to give the instruction.

Mr. Coxe, for plaintiff, then prayed the court to instruct the jury, that the contract executed by the defendant under date of the 24th of June, 1835, given in evidence by the plaintiff, in law amounted to an actual sale of the negroes therein mentioned, and they became the property of the plaintiff. And if the jury should believe, from the aforesaid evidence, that the plaintiff did on or about the 5th of November, 1835, demand the delivery of the said negroes, which the defendant refused to deliver, but retained possession of the same against the will and assent of the plaintiff, such refusal to comply with such demand is sufficient evidence from which the jury may and ought to find the defendant guilty of the conversion charged in the declaration; and the evidence of the subsequent delivery, by the defendant, of the said negroes, or some of them, can only operate to mitigate the damages which the plaintiff is entitled to recover; and that if the jury shall believe from the said evidence that the plaintiff did not accept the said delivery as a compliance with the said original contract, and intend thereby to relinquish his claim for damages sustained by such illegal detention by the defendant, the acceptance, if proved, does not amount to a release of said damages. Which instruction THE COURT gave (nem. con.).

Mr. Brent then prayed the court to instruct the jury that the plaintiff could not in law recover in damages more than the value of the negroes at the time of the conversion.

But THE COURT (nem. con.) refused.

Verdict for the plaintiff, $750.